CULLEN v. REED et al.

(District Court, D. Montana. January 30, 1915.)

No. 42.

MORTGAGES ⊂⇒168 — BONA FIDE PURCHASERS — NOTICE — STATUTORY PROVISIONS.

Act Mont. Feb. 17, 1913 (Laws 1913, c. 27), providing that every mortgage of real property acknowledged and recorded is good and valid as against subsequent purchasers from the time it is so recorded until eight years after the maturity of the entire debt or obligation secured thereby, and no longer, unless the mortgagee shall file an affidavit stating certain facts, and that upon the filing thereof the mortgage shall be valid against all persons for a further period of eight years, when read in connection with the prior law relative to recording mortgages and harmonized therewith, merely limits the duration of record notice of the lien of recorded mortgages, and, though "subsequent purchasers" is not qualified by "in good faith," the failure of a mortgagee to file the required affidavit did not affect the lien as against a subsequent purchaser, who purchased with actual notice of the mortgage and during the time that the record of the mortgage was constructive notice.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 383–385; Dec. Dig. ⊂⇒168.]

In Equity. Suit by W. E. Cullen, Jr., against Henry J. Reed and others. Decree for plaintiff.

Day & Mapes, of Helena, Mont., for plaintiff.
H. G. & S. H. McIntire, of Helena, Mont., for defendant Dolenty.

BOURQUIN, District Judge. A mortgage foreclosure, commenced September 26, 1914, in which a defendant, purchaser of part of the land, contends the lien thereon has expired as against her. It appears the debt secured matured after recordation and on June 15, 1904. Defendant's purchase was by deed of general warranty, "except as against" said mortgage, made and recorded on October 16, 1911. At all the times aforesaid it was and now is of the statute recordation law of the state, save to the extent modified by an act hereinafter referred to, that grants, including mortgages, may be made and recorded, and from the time filed for record are constructive notice; that, though unrecorded, they are valid as to the parties and those having notice; that they are conclusive against the grantor and "every one subsequently claiming under him, except a purchaser or incumbrancer who in good faith and for a valuable consideration acquires a title or lien by an instrument that is first duly recorded"; that they are "void against any subsequent purchaser or incumbrancer * * * in good faith and for a valuable consideration whose conveyance is first duly

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

recorded"; and that liens are extinguished by lapse of the time in which an action can be brought upon the debt secured. Sections 4621, 4643, 4683, 4684, 4687, 5728, R. C. Montana.

February 17, 1913, a state legislative act, entitled "An act defining the duration of liens of mortgages upon real estate and the manner of the extension thereof," became effective. See Laws Mont. 13th Sess. p. 27. Section 1 provides that every such mortgage, recorded "as provided by the laws of this state, is thereupon good and valid as against the creditors of the mortgagor or owner of the land mortgaged, or subsequent purchasers or incumbrancers, from the time it is so recorded until eight years after the maturity of the entire debt or obligation secured thereby and no longer, unless the mortgagee, his * * * representatives, successors, or assigns, shall within sixty days after the expiration of said eight years file" in the recorder's office what may be termed a good faith affidavit like unto those usual in chattel mortgage law, whereupon "the said mortgage shall be valid against all persons for a further period of eight years." Section 2 provides that all acts and parts of acts inconsistent therewith are repealed.

None such affidavit was filed herein. Defendant contends that the words "subsequent purchasers" in said act, being without qualification therein, import a purchaser at any time and regardless of good faith and valuable consideration, and that, even though she purchased while the mortgage was of record and within eight years of the maturity of the debt secured, failure to thereafter file the affidavit provided by said act caused the validity of the mortgage to cease as against her. Plaintiff contends that the benefit of said act extends to those only who purchase subsequent to the eight-year period and as to whom the record of the mortgage is no longer constructive notice.

Said act is of a special nature, and must be read in connection with the prior law and harmonized therewith, in so far as its language will permit and is reasonable, to effectuate a consistent legislative policy and arrive at the legislative intent. The prior law provides for the creation of mortgage liens, their quality, effect, extent, and duration, recorded and unrecorded, and like recordation laws in general, for the purpose of protecting subsequent bona fide purchasers against prior and secret conveyances and liens, thereby merely giving statutory expression to the equity rule in the matter of subsequent bona fide purchasers, and effect thereto where equity might refuse to act.

The act of February 17, 1913, seems designed for the like purpose in real mortgage law that somewhat like statutes are in chattel mortgage law, viz., to limit the otherwise unlimited duration of the record of mortgages and the liens dependent thereon, and to provide for their continued duration by a "good faith" affidavit filed, to limit the record search necessary by subsequent purchasers, and to limit the length of time the record is constructive notice. This act is in substance much the same as the analogous chattel mortgage law of the state. See sections 5762, 5763, R. C.

By the great weight of authority, and so is it upon principle, it is held that in chattel mortgage law the subsequent purchasers, intended to be protected by the "good faith" affidavit required, are only those

who purchase after the record ceases to be constructive notice, after failure to timely file the affidavit, and who purchase in good faith and for a valuable consideration. Only those are within the policy of recordation laws. They alone may be damaged without such protection. For all who purchase while the record is notice can protect themselves, are assumed to have notice of the mortgage, and to pay only the value of the property less the debt secured.

That the act of February 17, 1913, is of like object and intent is indicated by its title, of more than usual importance that in this state the Constitution requires that no such bill shall be passed containing more than one subject, which shall be clearly expressed in its title. The act neither provides for the creation of mortgage liens, nor gives to them validity as to third persons, the prior law doing that, but merely limits the duration of record notice of the lien of *recorded* mortgages. If the intent is not as hereinbefore indicated, an unrecorded mortgage in many contingencies would be superior to a recorded one, unless it be successfully contended that by reason of the act the prior law as to unrecorded mortgages is inconsistent and repealed, and such mortgages now without any validity as to third persons. That the act does not qualify "subsequent purchasers" by "in good faith," etc., does not necessarily invoke the literal and extreme construction contended for by defendant. Not defining subsequent purchasers, their description must be found in the prior law in pari materia, with which the act must be read, and of which it becomes a part. In view of all the circumstances, this construction of the act is most reasonable, harmonious, consistent with its language and with the long-settled policy of the state otherwise reversed, and by implication (for the repealing clause is of no other legal effect) repeals the prior law for inconsistency only to the extent that the latter gave to the record of mortgages and the liens dependent thereon unlimited duration.

A somewhat similar statute of Louisiana received a like construction by the Supreme Court (Patterson's Case, 8 Wall. 292, 19 L. Ed. 415), thereafter contra (Pickett's Case, 149 U. S. 530, 13 Sup. Ct. 998, 37 L. Ed. 829) to conform to state construction that record and reinscription were necessary, not only for constructive notice, but to give a mortgage any validity against any third persons. Defendant Dolenty having purchased while the record of plaintiff's mortgage was constructive notice, to say nothing of the actual notice she had, she is not a subsequent purchaser within Act Feb. 17, 1913, and plaintiff is entitled to foreclose to the extent necessary the mortgage upon the land Dolenty purchased.

An appropriate decree will be entered.